# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2578

_____

United States of America,       *
     *
     Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the Southern
     *    District of Iowa.
Jesus Francisco Ramirez-Garcia,      *
also known as Francisco Ramirez,      *    [UNPUBLISHED]
     *
     Appellant.      *

_____

Submitted: February 4, 2011
Filed: February 9, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jesus Francisco Ramirez-Garcia appeals the sentence the district court[1] imposed after he pled guilty to illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). Counsel seeks to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. Ramirez-Garcia has filed a pro se supplemental brief arguing that he received ineffective assistance of counsel.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

First, we decline to consider the ineffective-assistance claim on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance claim should be raised in 28 U.S.C. § 2255 motion). Further, we conclude that the district court committed no procedural error in sentencing Ramirez-Garcia, and imposed a substantively reasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing ways in which court might abuse its discretion at sentencing).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____